IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHAEL D. VAN DEELEN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Case No. 4:23-CV-03729 |
| § | |
| **DAVID R. JONES,** § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)**

**To the Honorable Alia Moses,
Chief United States District Judge:**

David R. Jones, *pro se*, (the "Defendant") files this motion to dismiss this case with prejudice under FED. R. CIV. P. 12(b)(6).[1]

**SUMMARY OF THE MOTION**

1. The Defendant seeks an order dismissing this lawsuit with prejudice based on judicial immunity. To the extent that the Plaintiff seeks declaratory and injunctive relief regarding a prior court order, this action constitutes an inappropriate collateral attack on the ongoing appellate process, fails to include necessary parties, and cannot proceed.

**INCONTROVERTIBLE FACTS**

2. McDermott International, Inc. and 225 affiliates (the "Debtors") filed chapter 11 cases on January 21, 2020. [Docket No. 1, Case No. 20-30336].

3. On March 12, 2020, the Bankruptcy Court confirmed the Debtors' Amended Plan of Reorganization (the "Confirmation Order"). [Docket No. 684, Case No. 20-30336].[2] The

---

[1] No evidence has been filed on the docket reflecting that proper service has been effectuated. All rights regarding proper service upon the United States are reserved.

[2] During the confirmation hearing, the Plaintiff became combative and threatened to sue Debtors' counsel for having threatened him and the Court for violating his civil rights. [Transcript 3/12/2020, Docket No. 690, pages

Confirmation Order is final and nonappealable. The Plaintiff was the only party that objected to the Amended Plan at the confirmation hearing.

4. Under the Amended Plan, the Debtors' common equity shares were cancelled. [Docket No. 684, attached plan, Class 14 treatment, Case No. 20-30336]. The Plaintiff was one of the thousands of affected shareholders.

5. The Amended Plan and Confirmation Order contain a series of releases, exculpations, and injunctions. [Docket No. 684, attached plan, Arts. VIII.C, .D, .E, and .F, Case No. 20-30336]. These provisions, in part, released all claims held by the Debtors directly, as well as derivatively, against the Debtors' officers and directors. All parties were enjoined against attempting to assert the released claims. [Docket No. 684, attached plan, Art. VIII.F, Case No. 20-30336].

6. On June 23, 2020, the Plaintiff sued three named and multiple unnamed current or former officers of the Debtors in Texas state district court (the "State Court Lawsuit"). [Docket No. 1, Adversary Proceeding No. 20-3309]. The basis of the lawsuit related to the loss of value of the Plaintiff's common equity shares in the Debtors. [Docket No. 1, Adversary Proceeding No. 20-3309]. The named defendants removed the State Court Lawsuit to the Bankruptcy Court on July 17, 2020, and sought enforcement of the Amended Plan and Confirmation Order. [Docket No. 1, Adversary Proceeding No. 20-3309].

---

172-73, Case No. 20-30336]. These actions subsequently resulted in an order dated March 23, 2020 (i) prohibiting the Plaintiff from contacting the Court's staff; (ii) requiring that any communication to the Court be made in writing and filed with the Clerk of the Court; (iii) prohibiting the Plaintiff from contacting Debtors' counsel or any family member; and (iv) barring the Plaintiff from entering the federal courthouse unless escorted by a court security officer. [Docket No. 719, Case No. 20-30336]. The Plaintiff's petition for a writ of mandamus was denied by the Fifth Circuit Court of Appeals by order entered March 12, 2021. [Appeal No. 20-20286, USCA]. A historical recount of these events is located at Docket No. 81, Adversary Proceeding No. 20-3309. These events provide context only and do not form the basis of the requested relief.

7. The parties filed multiple (i) motions to dismiss; (ii) requests for default; (iii) motions to remand; (iv) amended complaints; (v) motions for sanctions; and (vi) responses and replies. [Docket Nos. 4, 5, 10, 11, 21, 22, 23, 26, 50, 51, 52, 53, 54, 57, 59, 60, 62, 63, 72, 73, 74, 75 and 77, Adversary Proceeding No. 20-3309]. On August 9, 2021, the Bankruptcy Court conducted a hearing. [Unnumbered Docket Entry after Docket No. 70, Adversary Proceeding No. 20-3309]. On October 12, 2021, the Bankruptcy Court issued the Order that forms the basis of this lawsuit (the "October 12, 2021, Order"). [Docket No. 81, Adversary Proceeding No. 20-3309]. In the October 12, 2021, Order, the Bankruptcy Court found that it had jurisdiction pursuant to 28 U.S.C. § 1334 and the Court's inherent authority to enforce its own orders. The Bankruptcy Court further found that all matters were core proceedings under 28 U.S.C. § 157(b)(2) as they related to the enforcement of the Bankruptcy Court's confirmation order and interpretation of a confirmed plan. *See In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1064 (5th Cir. 1997).

8. The Plaintiff appealed the Bankruptcy Court's October 12, 2021, Order along with several other orders to the District Court on October 20, 2021. [Docket No. 89, Adversary Proceeding No. 20-3309]. The District Court affirmed the October 12, 2021, Order in all respects by decision issued on January 9, 2023. [Docket No. 33, C.A. No. 4:21-cv-3369].

9. The Plaintiff appealed the District Court's decision to the Fifth Circuit Court of Appeals on September 7, 2023. [Docket No. 33, C.A. No. 4:21-cv-3369]. The appeal remains pending. [Appeal No. 23-20436, USCA].

### ARGUMENT

10. A court must grant a motion to dismiss if the complaint fails to state a "plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). It is well established that judges enjoy absolute judicial immunity from

lawsuits related to acts taken in their capacity as judges that are not undertaken in "clear absence of all jurisdiction." *Stump v. Steward*, 435 U.S. 349, 355-57 (1978); *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 221 (5th Cir. 2009). "Judicial immunity is immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

11. The Fifth Circuit has adopted a functional approach in determining whether a judge is entitled to absolute immunity. *Hodorowski v. Ray*, 844 F.2d 1210, 1213-15 (5th Cir. 1988). Under the functional approach, a court will determine whether the activities of the party seeking immunity are "intimately associated with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). The primary factor considered in determining whether a judge's act is "judicial" is whether the act complained of is one normally performed by a judge in her official capacity. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). This determination should be broadly construed in favor of immunity. *Steward*, 435 U.S. at 362; *Malina*, 994 F.2d at 1124.

12. In determining whether an act was taken in clear absence of all jurisdiction, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case. *Mireles*, 502 U.S. at 13; *Steward*, 435 U.S. at 356 (a judge "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

13. In this case, the Plaintiff asserts as the sole basis for his complaint that the entry of the October 12, 2021, Order enforcing the Confirmation Order violated his civil rights. The entry of orders in a case is the core function of a judge. Likewise, a court always has jurisdiction to enforce its own orders and otherwise address matters pending before the court. *Mireles*, 502 U.S. at 13. It is irrelevant whether (i) the order itself is correct or (ii) there existed any alleged improper motive in the issuance of the order. *Mireles*, 502 U.S. at 12-13; *Stump*, 435 U.S. at 356-57; *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989).

14. To the extent that the Plaintiff still seeks declaratory and injunctive relief regarding the October 12, 2021, Order, such a request (i) constitutes an inappropriate collateral attack on the ongoing appellate process; (ii) ignores the District Court affirmance of the October 12, 2021, Order; and (iii) denies the parties that requested the October 12, 2021, Order the opportunity to participate in the final adjudication of the relevant issues. Consequently, such requests must fail.

## Prayer

15. Accordingly, the Defendant requests that that the Court dismiss this civil action with prejudice, award the Defendant his costs, and grant such other relief as is just.

**Dated: December 29, 2023.**

Respectfully submitted,

_____
David R. Jones, *Pro se*
6530 Rolla Street
Houston, Texas 77055
(713) 256-9285

## Certificate of Service

I hereby certify that on December 29, 2023, a copy of the foregoing was served by United States first mail to Michael D. Van Deelen, 16215 Friar Circle, Spring, Texas 77379; and by electronic transmission on to all registered CM/ECF users appearing in the case.

_____
David R. Jones

## Certificate of Conference

I hereby certify that the parties have not conferred in accordance with Local Rule 7.1(D). Under the circumstances, until such time as counsel is engaged, the Defendant does not believe that the purpose of the local rule would be furthered, safe or productive. The Defendant presumes the motion is opposed.

_____
David R. Jones