IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Michael D. Van Deelen,<br><br>                    Plaintiff,<br><br>v.<br><br>David R. Jones, Elizabeth Carol Freeman,<br>Jackson Walker, LLP, Kirkland & Ellis, LLP,<br>and Kirkland & Ellis International, LLP,<br><br>                    Defendants. | Civil Action<br>No. 4:23-cv-3729 |

### DEFENDANT DAVID R. JONES' RESPONSE TO KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP'S MOTION TO MOVE THE JUNE 6, 2024 MOTION HEARING DATE

To the Honorable Alia Moses, Chief United States District Judge:

Defendant David R. Jones ("Jones") files this response ("Response") to Kirkland & Ellis LLP and Kirkland & Ellis International LLP's Motion to Move the June 6, 2024 Motion Hearing Date ("Motion") and respectfully states as follows:

### PROCEDURAL HISTORY

1.      On October 4, 2023, Michael D. Van Deelen ("Plaintiff") filed his Complaint against Jones initiating this action. *See*, Docket No. 1.

2.      On October 24, 2023, this action was transferred and assigned to Chief Judge Alia Moses of the Western District of Texas, sitting by designation. *See*, October 24, 2023 Docket minute entry.

3.      On December 29, 2023, Jones, *pro se*, filed his initial motion to dismiss under FED. R. CIV. P. 12(b) (the "Initial Motion to Dismiss"). *See*, Docket No. 9.

4.      On January 11, 2024, Plaintiff filed his First Amended Complaint (the "Complaint"), the currently operative complaint in this action. *See*, Docket No. 10.

5.      On January 18, 2024, Plaintiff filed his response to the Initial Motion to Dismiss ("Plaintiff's Response"). *See*, Docket No. 11.

6.      On January 23, 2024, the Court entered an order requiring Jones to inform the Court as to whether he intended to file a new motion to dismiss in light of the Plaintiff's Amended Complaint. *See*, Docket No. 12.

7.      On January 29, 2024, Jones filed his notice stating his intention to file a new motion to dismiss Plaintiff's Amended Complaint. *See*, Docket No. 19. Jones filed his current motion to dismiss on March 11, 2024 (the "Jones Motion"). The Jones Motion focuses solely upon judicial immunity as grounds for dismissal.

8.      On March 18, 2024, the Kirkland & Ellis defendants (collectively, "K&E") filed their (i) motion for sanctions (the "K&E Sanctions Motion"), and (ii) motion to dismiss (the "K&E Dismissal Motion" and together with the K&E Sanctions Motion, the "K&E Motions"). The K&E Dismissal Motion asserts multiple grounds for relief.

9.      Also on March 18, 2024, defendant Elizabeth Freeman ("Freeman") filed her motion to dismiss (the "Freeman Motion"). The Freeman Motion similarly asserts multiple grounds for dismissal of the Complaint.

10.     On March 22, 2024, defendant Jackson Walker, LLP ("JW") filed its motion to dismiss (the "JW Motion"). The JW Motion likewise asserts multiple grounds for dismissal of the Complaint.

11.     On March 25, 2024, Plaintiff filed his motion for extension of time to respond to the various defendant motions. That motion was granted by order of the Court entered on March 28, 2024, which established (i) May 8, 2024 as the deadline for Plaintiff's responses to the

defendants' motions, and (ii) May 22, 2024 and the deadline for any defendant reply to a Plaintiff response.

12.     Also on March 28, 2024, the Court entered an order setting all of the defendants' motions for hearing to occur on June 6, 2024 at 2:00pm in the Del Rio, Texas courthouse.

13.     On March 29, 2024, counsel for K&E sent an email broaching the notion of seeking an alternative hearing setting. K&E counsel sought to garner agreement of all parties to the request. Exchanges occurred among the parties over several days to no avail. As the request to seek agreed dates pushed into July, counsel for Jones stated opposition to such a lengthy extension/delay of the hearing setting.

14.     On April 10, 2024, K&E filed the present motion to push out the present hearing setting to a date in July 2024.

### RESPONSE TO MOTION

15.     As K&E notes in its Motion, Jones opposes any continuance, extension or delay of the present June 6 setting for consideration of *the Jones Motion*. Jones takes no position on any continuance or extension as to the motions of the other defendants except to the extent that the Court intends to hear all pending motions simultaneously (which Jones submits they need not be).

16.     The Jones Motion differs from each of the other defendant motions in that the Jones Motion is solely grounded upon judicial immunity. "Judicial immunity is immunity from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 592 U.S. 9, 11 (1991). As such, judicial immunity is "a threshold question, to be resolved as early in proceedings as possible."[1]

---

[1] So important is absolute judicial immunity that "orders denying absolute immunity are automatically appealable under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)." *Holloway v. Walker*, 765 F.2d 517, 521 (5th Cir. 1985). See also, *e.g.*, *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018) ("[A] defendant may immediately appeal a denial of absolute judicial immunity.").

4862-3778-5525

*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994), citing, *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).

17.     Because of the threshold nature of consideration and application of judicial immunity, Jones has not yet asserted the broader challenge to the myriad infirmities in the Complaint as has been done by the other defendants. Similarly, as none of the other defendants are within the protection afforded by judicial immunity, no other defendant has raised judicial immunity as a dismissal ground. Simply, the Jones Motion and the motions of the other defendants are "apples and oranges" with no meaningful, dispositive commonality.

18.     This lawsuit was commenced on October 4, 2023, over six months ago. Jones filed his Initial Motion to Dismiss, grounded solely in judicial immunity, on December 29, 2023. Plaintiff filed his response to the Initial Motion to Dismiss on January 18, 2024, fully apprised as to the judicial immunity issues asserted (both then and now) by Jones. The Jones Motion is presently set to be heard on June 6 and that setting should remain in place. Any continuance or delay of the current setting will plainly run afoul of the threshold resolution mandate that accompanies judicial immunity. A mid-July setting as requested by the Motion would mean that *mere Court consideration* of Jones' judicial immunity would be over nine months from the filing of this case and well-over six months after Jones first sought dismissal on judicial immunity grounds. Such further delay would deprive Jones of his right for the matter "to be resolved as early in [this proceeding] as possible."

19.     Jones echoes the suggestion made in the K&E Motion regarding the potential separation of the Jones Motion from the other defendant motions. Jones is obviously mindful and respectful of this Court's absolute discretion to control its docket and calendar. As noted, the Jones Motion is fundamentally different from the other pending motions in that it is solely grounded in

4

judicial immunity. Again, Jones takes no position on any re-setting of the other motions so long as the current setting for the Jones Motion is unchanged. To the extent that the Court will entertain the prospect of hearing the Jones Motion separate from the other defendant motions, Jones would respectfully request that the Court do so. Plainly, K&E would not oppose such a separation as it is suggested in its Motion. Jones further submits that, given the (i) fundamental distinction between his motion and the other motions, and (ii) response and preparation time built into the current schedule, the Plaintiff will suffer no prejudice from separate consideration.

<u>CONCLUSION</u>

For the reasons set forth above, Jones opposes any continuance, extension or delay of consideration on the Jones Motion from its current June 6 setting. Subject to this Court's discretion over its docket and calendar, Jones would support separate consideration of the Jones Motion from the other defendant motions so that the Jones Motion may be heard as presently set on June 6. Jones respectfully requests that the Court grant relief to Jones consistent with this Response and grant such other and further relief to which Jones may be entitled.

4862-3778-5525

Dated:  April 10, 2024

Respectfully submitted,

**McKool Smith, PC**

/s/ *John J. Sparacino*
John J. Sparacino (SBN 18873700)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile (713) 485-7344
jsparacino@mckoolsmith.com

Gary Cruciani (SBN 05177300)
gcruciani@mckoolsmith.com
Patrick William Pijls (SBN 24118501)
ppijls@mckoolsmith.com
McKool Smith, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
***Counsel for David R. Jones***

6

## **CERTIFICATE OF CONFERENCE**

Counsel for David Jones has conferred in good faith with Movant's counsel regarding David Jones' opposition to movement of the hearing setting as requested in the Motion, but resolution was not reached.

Dated this 10th day of April, 2024.                    /s/ John J. Sparacino
                                                        John J. Sparacino

4862-3778-5525

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2024, a true and correct copy of this document was served on the following counsel of record via the Court's CM/ECF system and by email in compliance with the Federal Rules of Civil Procedures and Southern District of Texas Local Rules 5.3.

*/s/ John J. Sparacino*
John J. Sparacino

***Via ECF:***
Robert William Clore
Mikell Alan West
Bandas Law Firm, PC
802 N. Carancahua St., Suite 1400
Corpus Christi, TX 78401

***Via Email:***
Michael J. Bagley
The Bagley Law Firm
310 Margaret Lane
Del Rio, TX 78840
Email: m1990@juno.com
*Attorney for Plaintiff, Michael D. Van Deelen*

***Via ECF:***
Tom Kirkendall
c/o The Law Office of Tom Kirkendall
2 Violetta Ct.
The Woodlands, TX 77381
*Attorney for Elizabeth Carol Freeman*

***Via ECF:***
John Hueston
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

Karen Ding
Michael Todisco
Hueston Henningan LLP
523 West 6th St., Unit 400
Los Angeles, CA 90014

David J. Beck
Jacqueline Moore Furlow
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, TX 77010
*Attorneys for Kirkland & Ellis, LLP and Kirkland & Ellis International, LLP*

***Via ECF:***
Gregory D. Torres
Attorney at Law, P.L.L.C.
457 Jefferson Street
Eagle Pass, TX 78852
*Attorney for Defendants Kirkland & Ellis, LLP and Kirkland and Ellis International, LLP*

***Via ECF:***
Russell Hardin, Jr.
Jennifer Elizabeth Brevorka
Leah Graham
Emily Smith
Rusty Hardin & Associates, LLP
1401 McKinney St., Ste. 2250
Houston, TX 77010
*Attorneys for Jackson Walker, LLP*

4862-3778-5525