IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL D. VAN DEELEN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DAVID R. JONES, ELIZABETH § <br> CAROL FREEMAN, JACKSON § <br> WALKER, LLP, KIRKLAND & § <br> ELLIS, LLP, AND KIRKLAND & § <br> ELLIS INTERNATIONAL, § <br> LLP, § <br> § <br> Defendants. § | Case No. 4:23-CV-03729-AM |

## ORDER

Before the Court is Defendants Kirkland & Ellis, LLP's and Kirkland & Ellis International LLP's (collectively "Kirkland") Motion to Move the June 6, 2024 Motion Hearing Date (ECF No. 54). As the Motion explains, Kirkland's lead counsel, Mr. Hueston, has a pre-existing and immovable conflict on June 6, 2024—namely, a hearing on a motion for summary judgment in a different case in Los Angeles, California. Defendants Jones and Jackson Walker oppose the requested continuance.

The Court is sympathetic to Mr. Hueston's immovable commitment to appear in another court on June 6th and values counsel's alacrity in addressing this conflict. But the Court must reckon with two realities. First, to date, sixteen attorneys—with sixteen different calendars—have noticed their appearance in this case. And although Kirkland has provided some mutually available dates in July, any of them would delay the motions hearing by over a month, which at least two other defendants oppose. Second, with over 3,000 active criminal cases, the undersigned's docket is uniquely busy. When the Court clears a docket for a civil hearing, twelve or more criminal defendants will remain in confinement as they await the next available date for

trial or sentencing. The Court must, therefore, be mindful of how rescheduling a civil hearing, or holding two separate hearings for different defendants, will impact its criminal docket. Thankfully, in addition to Mr. Hueston, Kirkland is represented by several other highly credentialed attorneys, and the Court is confident they will provide the highest quality advocacy at the June 6, 2024, hearing.[1]

Upon due consideration, and for the foregoing reasons, the Defendant's Motion (ECF No. 54) is **DENIED**.

SIGNED and ENTERED on this 10th day of April 2024.

ALIA MOSES
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] When an attorney-in-charge is unable to attend a hearing, Local Rule 11.2 permits them to "send a fully informed attorney with authority to bind the client."