IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Michael D. Van Deelen,<br><br>    Plaintiff,<br><br>v.<br><br>David R. Jones, Elizabeth Carol Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP,<br><br>    Defendants. | Civil Action<br>No. 4:23-cv-3729 |

**DEFENDANT DAVID R. JONES' OPPOSITION
TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO FILE
RESPONSE TO MOTIONS TO DISMISS AND MOTION FOR SANCTIONS**

To the Honorable Alia Moses, Chief United States District Judge:

Defendant David R. Jones ("Jones") files this opposition ("Opposition") to *Plaintiff's Second Motion for Extension of Time to File Response to Motions to Dismiss and Motion for Sanctions* ("Motion") and respectfully states as follows:

**PROCEDURAL HISTORY**

1. On October 4, 2023, Michael D. Van Deelen ("Plaintiff") filed his Complaint against Jones initiating this action. *See*, Docket No. 1.

2. On October 24, 2023, this action was transferred and assigned to Chief Judge Alia Moses of the Western District of Texas, sitting by designation. *See*, October 24, 2023 Docket minute entry.

3. On December 29, 2023, Jones, *pro se*, filed his initial motion to dismiss under FED. R. CIV. P. 12(b) (the "Initial Motion to Dismiss"). *See*, Docket No. 9. The Initial Motion to Dismiss was based solely upon judicial immunity grounds.

4868-5538-0156

4. On January 11, 2024, Plaintiff filed his First Amended Complaint (the "Complaint"), the currently operative complaint in this action. *See*, Docket No. 10.

5. On January 18, 2024, Plaintiff filed his response to the Initial Motion to Dismiss ("Plaintiff's Response"). *See*, Docket No. 11.

6. On January 23, 2024, the Court entered an order requiring Jones to inform the Court as to whether he intended to file a new motion to dismiss in light of the Plaintiff's Amended Complaint. *See*, Docket No. 12.

7. On January 29, 2024, Jones filed his notice stating his intention to file a new motion to dismiss Plaintiff's Amended Complaint. *See*, Docket No. 19.

8. Jones filed his current motion to dismiss on March 11, 2024 (the "Jones Motion"). The Jones Motion focuses solely upon judicial immunity as grounds for dismissal.

9. On March 18, 2024, the Kirkland & Ellis defendants filed their (i) motion for sanctions, and (ii) motion to dismiss. Also on that day, defendant Elizabeth Freeman filed her motion to dismiss.

10. On March 22, 2024, defendant Jackson Walker, LLP filed its motion to dismiss.

11. On March 25, 2024, Plaintiff filed his motion for extension of time to respond to the various defendant motions. That motion was granted by order of the Court entered on March 28, 2024, which established (i) May 8, 2024 as the deadline for Plaintiff's responses to the defendants' motions, and (ii) May 22, 2024 and the deadline for any defendant reply to a Plaintiff response.

12. Also on March 28, 2024, the Court entered an order setting all of the defendants' motions for hearing to occur on June 6, 2024 at 2:00pm in the Del Rio, Texas courthouse.

13. On May 6, 2024, Plaintiff filed the present Motion seeking to extend his response deadline to the various motions from May 8 to May 13, 2024. In his Motion, Plaintiff offered to "not oppose" a similar extension of Jones' reply deadline to Monday, May 27, 2024, a federal holiday (Memorial Day).

### RESPONSE TO MOTION

14. Jones opposes the extension sought by Plaintiff's Motion as unnecessary, unwarranted and prejudicial.

15. This lawsuit was commenced on October 4, 2023, over six months ago. Jones filed his Initial Motion to Dismiss, grounded solely in judicial immunity, on December 29, 2023. Plaintiff filed his response to the Initial Motion to Dismiss on January 18, 2024, fully apprised as to the judicial immunity issues asserted (both then and now) by Jones. Plaintiff's current response deadline to the Jones Motion will have afforded Plaintiff a full 58 days to respond to theories and arguments first presented by Jones nearly four months earlier. There is simply no plausible reason that Plaintiff cannot respond to the Jones Motion on or prior to the present deadline.

16. Notably, the Motion alleges "numerous other professional obligations" in support of the extension request consisting of (i) April 2, 4 and 5 mediation and depositions in a County Court at Law lawsuit, (ii) depositions (April 18), "pre-motion conference hearings" (April 3 and May 1), and trial preparation (with no trial setting alleged) in a lawsuit involving Walmart, (iii) April 22 and May 7 depositions in a County Court at Law lawsuit, and (iv) an April 30 mediation in a state court lawsuit. The alleged obligations are predominantly far-removed from Plaintiff's current deadline and on their face are not extraordinary so as to warrant the requested extension.

17. Jones would further be prejudiced by the requested extension. Under the current schedule, Plaintiff's response to the Jones Motion is due on Wednesday, May 8, and Jones' reply to a Plaintiff response will be due two weeks later on Wednesday, May 22. Under Plaintiff's

3

proposal, his response would be due on Monday, May 13, and he "would not oppose" an extension of Jones' reply deadline to Monday, May 27 – the Memorial Day holiday. The unfairness of the suggestion should be plainly evident. Rather than affording Jones' legal team a full two weeks, including two full non-holiday weekends, to prepare Jones' reply (as the current schedule equitably does), Jones' reply time would conflict with the Memorial Day holiday weekend and effectively cut short Jones' substantive reply preparation time. In other words, Jones would be prejudiced to appease contrived grounds for a Plaintiff extension.

18.     Moreover, Jones suspects that the Court very carefully considered its calendar and timing needs in structuring the pleading deadlines and the oral argument as it did. Under the Plaintiff's suggested extensions, the Court will be deprived of meaningful lead time between Jones' reply and the oral argument hearing. This is unfair to both the Court *and* Jones, who is entitled to sufficient opportunity for the Court to receive and consider Jones' further reply positions. Indeed, in denying a prior continuance request by Kirkland & Ellis, the Court quite clearly advised the parties of the unique challenges presented by the Court's calendar and docket. Jones submits that the Court's observation that Kirkland has ample other counsel involved is equally applicable to Plaintiff – Plaintiff appears to have sufficient counsel involved such that the extension is unwarranted and unnecessary.

## CONCLUSION

For the reasons set forth above, Jones opposes any extension of Plaintiff's deadline to respond. Jones respectfully requests that the Court grant relief to Jones consistent with this Opposition and grant such other and further relief to which Jones may be entitled.

4

| | |
|---|---|
| Dated:  May 7, 2024 | Respectfully submitted,<br><br>**McKool Smith, PC**<br><br>/s/ *John J. Sparacino*<br>John J. Sparacino (SBN 18873700)<br>600 Travis Street, Suite 7000<br>Houston, Texas 77002<br>Telephone: (713) 485-7300<br>Facsimile (713) 485-7344<br>jsparacino@mckoolsmith.com<br><br>Gary Cruciani (SBN 05177300)<br>gcruciani@mckoolsmith.com<br>Patrick William Pijls (SBN 24118501)<br>ppijls@mckoolsmith.com<br>McKool Smith, PC<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Facsimile: (214) 978-4044<br>***Counsel for David R. Jones*** |

## **CERTIFICATE OF CONFERENCE**

Counsel for David Jones has previously advised counsel to Plaintiff of Jones' opposition to the extension request; however, Plaintiff nonetheless filed his motion indicating no resolution of the matter.

Dated this 7th day of May, 2024.         */s/ John J. Sparacino*
                                          John J. Sparacino

4868-5538-0156

## CERTIFICATE OF SERVICE

  I hereby certify that on May 7, 2024, a true and correct copy of this document was served on the following counsel of record via the Court's CM/ECF system.

                 */s/ John J. Sparacino*
                 John J. Sparacino

*Via ECF:*
Robert William Clore
Mikell Alan West
Bandas Law Firm, PC
802 N. Carancahua St., Suite 1400
Corpus Christi, TX 78401

*Via ECF:*
Michael J. Bagley
The Bagley Law Firm
310 Margaret Lane
Del Rio, Texas 78840

*Via ECF:*
Jeffrey M. Tillotson
Tillotson Johnson & Patton
1201 Main Street, Suite 1300
Dallas, TX 75202
*Attorneys for Plaintiff, Michael D. Van Deelen*

*Via ECF:*
Tom Kirkendall
c/o The Law Office of Tom Kirkendall
2 Violetta Ct.
The Woodlands, TX 77381

*Via ECF:*
John Hueston
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

*Via ECF:*
Karen Ding
Michael Todisco
Hueston Henningan LLP
523 West 6th St., Unit 400
Los Angeles, CA 90014

*Via ECF:*
David J. Beck
Jacqueline Moore Furlow
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, TX 77010
*Attorneys for Kirkland & Ellis, LLP and Kirkland & Ellis International, LLP*

*Via ECF:*
Russell Hardin, Jr.
Jennifer Elizabeth Brevorka
Leah Graham
Emily Smith
Rusty Hardin & Associates, LLP
1401 McKinney St., Ste. 2250
Houston, TX 77010
*Attorneys for Jackson Walker, LLP*

*Via ECF:*
Gregory D. Torres
Attorney at Law, P.L.L.C.
457 Jefferson Street
Eagle Pass, TX 78852
*Attorney for Defendants Kirkland & Ellis, LLP and Kirkland and Ellis International, LLP*

4868-5538-0156