IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Michael D. Van Deelen,<br><br>       Plaintiff,<br><br>v.<br><br>David R. Jones, Elizabeth Carol Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP,<br><br>       Defendants. | Civil Action<br>No. 4:23-cv-3729 |

**DEFENDANT DAVID R. JONES' REPLY TO PLAINTIFF'S RESPONSE TO JONES'
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

**PAGE**

ARGUMENT ...................................................................................................................1

    A.    Any conceivably relevant act by Jones was a "judicial act." ..................................2

    B.    Even if Jones should have recused or disqualified himself, Jones did not act in a "complete absence of all jurisdiction over the subject matter." ..................6

    C.    The Plaintiff's "extreme misconduct" exception to judicial immunity lacks any legal support. ...................................................................................................9

CONCLUSION ..............................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ammons v. Baldwin*,
  705 F.2d 1445 (5th Cir. 1983) ...................................................................................................10

*Antoine v. Byers & Anderson, Inc.*,
  508 U.S. 429 (1993) ....................................................................................................................2

*Atkinson-Baker & Assocs., Inc. v. Kolts*,
  7 F.3d 1452 (9th Cir. 1993) ........................................................................................................2

*Boyd v. Biggers*,
  31 F.3d 279 (5th Cir. 1994) ........................................................................................................2

*Carter v. Duggan*,
  455 F.2d 1156 (5th Cir. 1972) ....................................................................................................1

*Davis v. Andrews*,
  2024 WL 310215*3 (S.D. Tex. Jan. 26, 2024) ............................................................................1

*Doddy v. Oxy USA, Inc.*,
  101 F.3d 448 (5th Cir. 1996) ...................................................................................................8, 9

*Hick v. Bexar County, Texas*,
  973 F. Supp. 653 (W.D. Tex. 1997) ............................................................................................7

*Holloway v. Walker*,
  765 F.2d 517 (5th Cir. 1985) .........................................................................................4, 5, 6, 10

*Howell v. Supreme Court of Texas*,
  855 F.2d 308 (5th Cir. 1989) ......................................................................................................7

*Jones v. King*,
  2023 WL 7299134*6 ..........................................................................................................1, 9, 10

*In re Lieb*,
  112 B.R. 830 (Bankr. W.D. Tex. 1990) ......................................................................................3

*Mireles v. Waco*,
  502 U.S. 9 (1991) ...................................................................................................................6, 10

*Tramonte v. Chrysler Corp.*,
  136 F.3d 1025 (5th Cir. 1998) ....................................................................................................9

*United States v. Jordan*,
    49 F.3d 152 (5th Cir. 1995) ................................................................................................8, 9

**Statutes**

28 U.S.C. §455 ................................................................................................................3, 4, 7, 8

Bankruptcy Code Sections 101(14) and 327 ...................................................................................3

**Other Authorities**

Bankruptcy Rule 2014 ....................................................................................................................3

Bankruptcy Rule 5004 ...........................................................................................................3, 4, 7

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Texas Constitution ..........................................................................................................................7

Defendant David R. Jones ("Jones") files this reply to Plaintiff's Response (the "Response") to Jones' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"), and respectfully states as follows:

## ARGUMENT

1. A judge is entitled to absolute immunity from civil liability for all actions taken in the course and scope of the judge's office. *See Carter v. Duggan*, 455 F.2d 1156, 1158 (5th Cir. 1972) (emphasis added); *Davis v. Andrews*, 2024 WL 310215*3 (S.D. Tex. Jan. 26, 2024) (quoting *Carter v. Duggan*). All of the Plaintiff's claims asserted against Jones in this lawsuit arose out of Jones' actions as a judge in adjudicating bankruptcy cases assigned to him.

2. Apparently recognizing the breadth of judicial immunity, the Plaintiff attempts to blur the predicate connection between Jones' alleged non-judicial acts, the asserted claims, and the alleged injury. As set forth in the Motion to Dismiss, the Plaintiff's alleged injuries all arose out of court proceedings and orders entered by Jones in the McDermott chapter 11 bankruptcy case. In his Response, the Plaintiff alleges a broad multi-party conspiracy and argues that his injury arose not from the mere entry of court orders but from the following specific acts of Jones' alleged misconduct: (i) "oversight over numerous misleading and dishonest federal court filings" [Response, footnote 2], (ii) maintenance of a relationship with Ms. Freeman and "concealment" or non-disclosure of the relationship [Response, ¶¶2, 3, 11, 18], (iii) Jones' orders awarding fees [Response, ¶18], and (iv) "harsh treatment" that the Plaintiff received in Jones' courtroom [Response, ¶18]. On their face, acts (i), (iii), and (iv) are undeniably judicial acts taken by Jones under applicable Fifth Circuit authority. This Reply will address act (ii)—maintenance and nondisclosure of the Freeman relationship—as that act is the overarching focus of the Plaintiff's Response.

3. The Response presents three arguments in opposition to the Motion to Dismiss. *First*, the Plaintiff argues that Jones' alleged failure to disclose the Freeman relationship was not a judicial act entitled to immunity with further allegations that his claims are based upon more than Jones' orders (including alleged "harsh treatment" the Plaintiff received in Jones' courtroom). *Second*, the Plaintiff argues that Jones should have recused or disqualified himself from the McDermott chapter 11 case and thus that Jones' subsequent actions were "taken in the absence of jurisdiction" and not entitled to immunity. *Third*, the Plaintiff argues that the alleged "extreme misconduct" by Jones is of such a nature that immunity should not be applied. Each argument is meritless and is addressed below.

**A.    Any conceivably relevant act by Jones was a "judicial act."**

4. As detailed in the Motion to Dismiss, judicial immunity applies to all judicial acts. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Judicial acts, as distinguished from mere administrative or ministerial acts (to which immunity does not affix), include acts that involve the exercise of discretionary judgment and decision-making. See, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-6 (1993); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993).

5. In his Response, the Plaintiff argues that Jones' alleged "concealment" and non-disclosure of the Freeman relationship was a predicate act of a conspiracy and the Plaintiff's claims against Jones. The Plaintiff argues that Jones had a duty to disclose the relationship and that the decision to disclose or not disclose by a judge is an administrative non-judicial act. The Plaintiff's argument is simply wrong on multiple levels.

2

6. With respect to the Plaintiff's assertion that disclosure is not a judicial act, the Plaintiff first asserts that a duty to disclose conflicts, connections, and interests is "something required of *all* professionals in a bankruptcy proceeding," including the presiding judge. Response, ¶14 (emphasis in original). The Plaintiff correctly cites to Bankruptcy Rule 2014 and Bankruptcy Code Sections 101(14) and 327 as requiring various disclosures of connections and "disinterestedness" of professionals in bankruptcy cases, but a judge is not a case professional, and the cited provisions explicitly do not apply to the presiding judge. The Plaintiff simply chose to ignore the plain language and applicability of his legal citations (a troubling and recurring lack of candor further noted below).

7. A bankruptcy judge is governed by disqualification and/or recusal principles as set forth in Bankruptcy Rule 5004 ("Rule 5004") and 28 U.S.C. §455 ("Section 455"). Importantly, a decision to disqualify (or not) is to be made *by the judge*. See, Section 455(a) ("Any [], judge … shall disqualify himself….") and 455(b) ("He shall also disqualify himself in the following circumstances…."). "The law is well-settled that it is entirely proper for the challenged judge to pass on the disqualification matter himself." *In re Lieb*, 112 B.R. 830, 837 (Bankr. W.D. Tex. 1990), citing *Levitt v. University of Texas*, 847 F.2d 221, 226 (5th Cir. 1998) (additional citations omitted).

8. The Plaintiff continues by arguing that disclosure is an administrative act, and not a judicial act, simply because all professionals (*i.e.*, non-judges) must make disclosures—that the disclosure act is "performed by judges and non-judges alike." Response, ¶16. Again, a judge does not have a "disclosure" duty and does not "make disclosures." A judge's duties include a duty to disqualify or not, and such a duty/decision is plainly not shared with non-judges. Under the Plaintiff's logic, a judge's entry of orders on the court docket would be a mere administrative, non-

3

judicial act because professionals are similarly able to file pleadings on a court docket. The Plaintiff cites no law to support that untenable result.

9. The Plaintiff does not argue that a judge's consideration of disqualification under Rule 5004 and Section 455 is not a judicial act. Indeed, by the very words of the Rule and the statute, the disqualification consideration and decision can only be done by a judge as a judicial act. While the Plaintiff clearly believes that Jones was wrong to not disqualify himself, that belief indisputably hits the bullseye of judicial immunity. Whether right or wrong and irrespective of any driving motive, Jones' decision regarding disqualification is entitled to judicial immunity. Accordingly, the disclosure/non-disclosure issue simply does not implicate the non-judicial acts exception.

10. When the Plaintiff's arguments are viewed with a wider lens—centering on his allegations of a wide-ranging conspiracy—the Plaintiff's claims still cannot escape the application of judicial immunity. To this point, the case of *Holloway v. Walker* is particularly instructive as it dealt with conspiracy allegations—albeit much broader than those alleged by the Plaintiff. 765 F.2d 517 (5th Cir. 1985). In *Holloway*, a Texas state court judge (Walker) was alleged to have conspired with many other defendants to seize control of Humble Oil and deprive Humble's legitimate owners. The alleged facts in *Holloway* are quite remarkable, with the complaint alleging:

> Walker and the other defendants conspired to seize control of Humble through the abuse of Walker's judicial office. Holloway contends that pursuant to the conspiracy Walker arranged to have [a related lawsuit] brought before his court contrary to the usual procedure for assigning cases, that Walker thereafter arranged to have [the related lawsuit and the suit pending in Walker's court] consolidated in his court, that he imposed receiverships on Humble's and Holloway's assets, defied a mandamus order of the Texas Court of Appeals to refrain from interfering in Humble's business, dismissed many Humble personnel, posted guard's at Humble's headquarters to seize the building, and, in a hotel near the courthouse,

4

>conducted meetings regarding Humble's business, all in furtherance of the conspiracy.

*Id*. at 520-21. The court further notes Holloway's argument that "Walker eventually came to act more like a chief executive officer of the Humble corporation than like a judge." *Id*. at 524.

11. In spite of the breadth and scope of the extreme allegations in *Holloway*, made even more egregious by the fact that the complaint also alleged that Walker's actions were motivated by bribery, the Fifth Circuit reversed the district court's denial of Walker's judicial immunity-based motion to dismiss. *Id*. at 521, 525-26. Even in the face of all of the myriad acts by multiple people (including Walker) that must have occurred in furtherance of the alleged conspiracy *that resulted in the alleged theft of an oil company*, the Fifth Circuit held that the lynchpin was nothing more than the "misuse of [Walker's] court's power" and that "[b]ut for those obvious 'judicial acts,' none of the harm Walker is alleged to have caused would have come about." *Id*. at 524. In other words, the conspiracy would have been hollow and failed but for Walker's position as a judge with the ability to use judicial acts to realize the goal of the alleged conspiracy.

12. The relevant teaching from *Holloway* is this: The multiple separate acts that may be done in furtherance of an alleged conspiracy are not the relevant acts for assessing the non-judicial acts exception to immunity. Rather, the relevant act is the act required by the judge in the alleged conspiracy that results in the alleged harm. Thus, in *Holloway*, the relevant acts were not the termination of Humble personnel or the posting of a guard at Humble headquarters (each surely a non-judicial act), but rather the acts required by the judge to accomplish the end result—the theft of an oil company. Similarly, in this case, the proper focus is not the existence of a relationship or the alleged concealment of the relationship but rather is the alleged end result—the employment and payment of law firms and allegedly unfair chapter 11 processes as complained by the Plaintiff

5

and the judge's required acts to accomplish that result.[1] Just as in *Holloway*, the Plaintiff's various conspiracy allegations still ultimately tie back to the need for Jones' judicial acts to consummate the alleged conspiracy. The lynchpin of the Plaintiff's causes of action and alleged harm is decisions, actions, and proceedings in Jones' court. And more to the point, but for the McDermott chapter 11 case, the Plaintiff has no harm and no claims.[2]

**B.      Even if Jones should have recused or disqualified himself, Jones did not act in a "complete absence of all jurisdiction over the subject matter."**

13.     In his Response, the Plaintiff repeatedly misstates the "complete absence of all jurisdiction" exception. The correct statement of the narrow exception is that judicial immunity is not available where an act is "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For immunity purposes, "the term 'jurisdiction' is to be broadly construed" such that "[w]here a judge does not clearly lack all subject matter jurisdiction, he does not clearly lack *all* jurisdiction." *Holloway v. Walker*, 765 F.2d 517, 523 (5th Cir. 1985) (emphasis in original). "[T]he proper inquiry is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were

---

[1] Of course, this analysis reveals why the Plaintiff lacks standing to bring such claims—a matter that has been raised by the other Defendants in this action but is not presently an issue raised by Jones given the narrow immunity focus of Jones' motion to dismiss.

[2] The Plaintiff's focus on the Freeman relationship and its nondisclosure fails for an additional reason: causation. Even if these activities were not judicial acts—they are—the activities are not the proximate cause of any injury alleged by the Plaintiff. The "but for" connection is the Plaintiff's involvement in the McDermott chapter 11 case pending in Jones' bankruptcy court. Had the Plaintiff never set foot in Jones' court (either literally or figuratively) as a participant in the McDermott case, then Jones, Freeman, any relationship, and any disclosure of the relationship would be utterly meaningless and irrelevant to the Plaintiff. The Plaintiff is not suing Jones (and could not) for having a relationship with Freeman or for any non-disclosure of the relationship. Rather, the Plaintiff is suing because he alleges the relationship and non-disclosure somehow caused or exacerbated the loss of his equity investment in McDermott during the bankruptcy case.

6

obviously taken outside the scope of the judge's power." *Hick v. Bexar County, Texas*, 973 F. Supp. 653, 670 (W.D. Tex. 1997), citing *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995).

14. The crux of the Plaintiff's argument on this issue appears to be that Jones (i) should have recused or disqualified himself from presiding over the McDermott chapter 11 case,[3] (ii) he did not, and (iii) because he did not, any subsequent actions "were taken without jurisdiction." Response ¶23. Yet the Plaintiff ***fails to cite a single case*** supporting his assertion that a judge's wrongful failure to recuse/disqualify means that all subsequent actions are, for purposes of judicial-immunity analysis, taken in the complete absence of all jurisdiction.

15. In support of his position, the Plaintiff cites to, and quotes from, *Howell v. Supreme Court of Texas*, 855 F.2d 308 (5th Cir. 1989). The Plaintiff's citation is grossly misleading as the Plaintiff presents his quoted language as the court's holding when in fact the court was quoting the party's brief. *Howell*, 855 F.2d at 312-13. The *Howell* court then goes on to enunciate why the party's argument ***fails***. *Id*. at 313. Indeed, the *Howell* decision neither relates to judicial immunity nor stands for the proposition implicated by the Plaintiff's quoted language.

16. The Plaintiff then goes on to cite several inapplicable cases that address the effects of recusal or disqualification *under state law*, not Rule 5004 or Section 455. Response, ¶21. The Plaintiff's reliance on state-law cases addressing disqualification under the Texas Constitution and a Missouri statute is misplaced. More importantly, the Plaintiff's cited cases do not deal with

---

[3] To be clear, the Plaintiff did not move to disqualify or recuse until June 27, 2020 (well-after the McDermott Plan was confirmed). Because judges are to consider and apply Section 455 disqualification sua sponte, however, Jones assumes that the Plaintiff's disqualification arguments span the entirety of Jones' presiding over the McDermott chapter 11 case both before and after the Plaintiff's recusal motion was filed. That said, the only substantive Jones ruling vis-à-vis the Plaintiff after the recusal motion was filed was Jones' dismissal of the Plaintiff's lawsuit against McDermott officers because the action violated the McDermott confirmation injunction in the Plan and Confirmation Order.

7

judicial immunity and do not hold that a disqualified judge is without "all jurisdiction" for immunity purposes following an incorrect recusal/disqualification determination.

17. Ironically, the Plaintiff cites to a highly instructive case going to the issue of a federal judge's jurisdiction subsequent to an erroneous recusal or disqualification decision. In *United States v. Jordan*, the Fifth Circuit held that a judge abused her discretion for failing to disqualify herself under Section 455 in a criminal case. 49 F.3d 152 (5th Cir. 1995). After wrongly failing to disqualify herself, the judge conducted a trial that resulted in conviction, and imposed sentence upon Jordan. On appeal, the Fifth Circuit was presented with the question of "the appropriate remedy for the breach of Section 455(a)." *Id*. at 158. The Fifth Circuit held that "a violation of Section 455(a) does not automatically require a new trial." *Id*. The court went on to state that "[d]isqualification under Section 455(a) is designed for the benefit of the judicial system, and *even if a judge errs in failing to recuse herself, the error does not necessarily call into question the decisions of the court.*" *Id*. (emphasis added). The Fifth Circuit affirmed the conviction and remanded for resentencing. *Id*. at 160.

18. The relevance of *Jordan* to the present situation is readily evident. The Plaintiff argues that Jones wrongly decided his Section 455 disqualification, and thus all subsequent actions by Jones in the McDermott chapter 11 case were taken in the complete absence of all jurisdiction. *Jordan* plainly shows that an erroneous failure to disqualify under Section 455 does not strip the court of "all jurisdiction." It is impossible to square the assertion that an erroneous failure to disqualify strips "all jurisdiction" with the result of *Jordan*—a subsequent criminal trial and conviction that is left undisturbed. *See also Doddy v. Oxy USA, Inc.*, 101 F.3d 448 (5th Cir. 1996) (holding that a district judge's violation of the rule against post-recusal adjudication, where judge recused then vacated recusal order and proceeded to dispositively handle case, was harmless error

such that subsequent rulings should not be vacated). So even if Jones wrongly failed to disqualify himself in the McDermott chapter 11 cases (or the Plaintiff's recusal motion was wrongly decided), such failure does not mean that all of Jones' subsequent actions were "taken in the complete absence of all jurisdiction" so as to remove those actions from the protection of judicial immunity.

19. *Tramonte v. Chrysler Corp.*, cited by the Plaintiff on this issue, does not compel a different result. 136 F.3d 1025 (5th Cir. 1998). Like all of the Plaintiff's other cited cases, *Tramonte* does not at all deal with the issue of judicial immunity, much less the quantum of jurisdiction that exists (or does not exist) for judicial-immunity purposes where there has been an incorrect recusal decision. Any other reading of *Tramonte* would directly conflict with the results of *Jordan* and *Doddy*, above.

C. **The Plaintiff's "extreme misconduct" exception to judicial immunity lacks any legal support.**

20. The Plaintiff's final argument is that Jones' alleged "extreme misconduct" is not the type of conduct to which judicial immunity should apply. This argument contravenes controlling precedent. Again, a case the Plaintiff cites for other purposes—*Jones v. King*—is directly on point rejecting the Plaintiff's "extreme misconduct" argument. 2023 WL 7299134 (W.D. Tex. Nov. 4, 2023). *Jones* involved a suit against a Loving County, Texas justice of the peace (King). King was sued for using a hoax jury-qualification process, driven by personal and political animus, to ultimately arrest and issue contempt orders as to alleged political enemies. *Id*. King moved to dismiss the lawsuit based upon judicial immunity. On King's motion, Magistrate Fannin issued a Report and Recommendation (the "R&R") that recommended, *inter alia*, denial of judicial immunity as to King's specific acts of entering contempt orders. [W.D. Tex. Case No. 22-00030-DC-DF, Dkt. No. 23, p. 25]. In so recommending, the magistrate determined that there existed "an unwritten exception to the judicial acts exception"—for acts "so wrought with personal

9

animus" as to be lacking any other legitimate reason. [Case No. 22-00030-DE-DC, Dkt. No. 23, p. 24]. The magistrate determined that King "went 'too far.'" *Id*.

21. King objected to several aspects of the R&R, including its recommendation against applying judicial immunity to the King's issuance of contempt orders. [See, Case No. 22-00030-DC-DF, Dkt. No. 24]. The District Court (Judge Counts) rejected the R&R's conclusion that King was not entitled to judicial immunity for the contempt orders. *Jones v. King*, 2023 WL 7299134*6. The District Court stated four separate reasons that the R&R was wrong on the issue, the first being that there is no unwritten motive-based exception to immunity, noting that the "Supreme Court has repeatedly held that the judicial immunity analysis should focus on the 'nature and function of the act,' not the act itself, *or the intent or motive behind such act*." *Id*. at *5 (emphasis added), *quoting Mireles v. Waco*, 502 U.S. 9, 11 (1991). This Court was critical of the R&R's ultimate determination and noted that "even the R&R recognizes the Supreme Court's clear position that there are no 'unwritten exceptions to the general judicial acts exception.'" *Id*. This Court concludes by again reiterating that "the Supreme Court has been clear that there is no exception—unwritten or otherwise—to judicial immunity for 'allegations of bad faith or malice.'" *Id*. at *6, *quoting Mireles*, 502 U.S. at 11. *Cf., e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991) (no unwritten exception); *Holloway v. Walker*, 765 F.2d 517 (1985) (even allegations of acts performed pursuant to a bribe or a conspiracy remain judicial acts subject to judicial immunity); *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (immunity exists notwithstanding judge's verbal abuse and humiliation of plaintiff).

## CONCLUSION

For these reasons, Jones' motion to dismiss with prejudice should be granted.

Dated: May 22, 2024

Respectfully submitted,

**MCKOOL SMITH, PC**

/s/ *John J. Sparacino*
John J. Sparacino (SBN 18873700)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile (713) 485-7344
jsparacino@mckoolsmith.com

Gary Cruciani (SBN 05177300)
gcruciani@mckoolsmith.com
Patrick William Pijls (SBN 24118501)
ppijls@mckoolsmith.com
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044
***Counsel for David R. Jones***

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2024, a true and correct copy of this document was served on the following counsel of record via the Court's CM/ECF system.

                                                    */s/ John J. Sparacino*
                                                    John J. Sparacino

*Via ECF:*
Robert William Clore
Mikell Alan West
Bandas Law Firm, PC
802 N. Carancahua St., Suite 1400
Corpus Christi, TX 78401

*Via ECF:*
Michael J. Bagley
The Bagley Law Firm
310 Margaret Lane
Del Rio, Texas 78840

*Via ECF:*
Jeffrey M. Tillotson
Tillotson Johnson & Patton
1201 Main Street, Suite 1300
Dallas, TX 75202
*Attorneys for Plaintiff, Michael D. Van Deelen*

*Via ECF:*
Tom Kirkendall
c/o The Law Office of Tom Kirkendall
2 Violetta Ct.
The Woodlands, TX 77381

*Via ECF:*
John Hueston
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

*Via ECF:*
Karen Ding
Michael Todisco
Hueston Henningan LLP
523 West 6th St., Unit 400
Los Angeles, CA 90014

*Via ECF:*
David J. Beck
Jacqueline Moore Furlow
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, TX 77010
*Attorneys for Kirkland & Ellis, LLP and Kirkland & Ellis International, LLP*

*Via ECF:*
Russell Hardin, Jr.
Jennifer Elizabeth Brevorka
Leah Graham
Emily Smith
Rusty Hardin & Associates, LLP
1401 McKinney St., Ste. 2250
Houston, TX 77010
*Attorneys for Jackson Walker, LLP*

*Via ECF:*
Gregory D. Torres
Attorney at Law, P.L.L.C.
457 Jefferson Street
Eagle Pass, TX 78852
*Attorney for Defendants Kirkland & Ellis, LLP and Kirkland and Ellis International, LLP*