IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michael D. Van Deelen, | § | Civil Action No. 4:23-cv-3729 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| David R. Jones, Elizabeth Carol Freeman, | § | |
| Jackson Walker LLP, Kirkland & Ellis, LLP, | § | |
| and Kirkland & Ellis International, LLP, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT JACKSON WALKER LLP'S**
**OPPOSED MOTION FOR LEAVE TO FILE LETTER BRIEFING**

To The Honorable Alia Moses, Chief United States District Judge:

1.     Defendant Jackson Walker LLP ("Jackson Walker") files this opposed Motion for Leave to File a Post Oral Argument Letter Briefing pursuant to Federal Rule of Civil Procedure 7(b).[1]

2.     Jackson Walker moves for this relief because of the Supreme Court's new decisions in *FDA v. Alliance for Hippocratic Medicine, et. al* ("*Alliance*")[2] and *Murthy v. Missouri, et. al.*[3] The Supreme Court issued the *Alliance* opinion on June 14, 2024, and the *Murthy* opinion on June 26, 2024. Both decisions overturn Fifth Circuit precedent on Article III standing. The Supreme Court issued the opinions after the parties had appeared before this Court for arguments

---

[1] Local Rules for the Southern District of Texas do not include requirements such as the attachment of the proposed pleading when filing a motion for leave. See https://www.txs.uscourts.gov/sites/txs/files/LR_August_2023.pdf (Last visited June 25, 2024). But Western District of Texas Local Rule CV-7(B) does. *See* https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/ (Last visited June 25, 2024). Jackson Walker has attached as Exhibit A, the proposed Letter Brief to Chief Judge Moses, the pleading for which leave to file is sought.

[2] 602 U.S.– – (2024), 2024 WL 2964140.

[3] 603 U.S.– – (2024), 2024 WL 3165801.

on Defendants' dismissal motions on June 6, 2024. The decisions directly pertain to arguments made by Jackson Walker about Mr. Van Deelen's lack of Article III standing.

3.        Jackson Walker's dismissal arguments detail how Mr. Van Deelen's Amended Complaint fails to plead sufficient facts to establish that Mr. Van Deelen suffered an injury in fact or allege an injury fairly traceable to Jackson Walker's conduct.[4] Both are required for Article III standing.[5] The motion contends the Amended Complaint should be dismissed with prejudice[6] as the pleading fails to establish Article III standing, and Mr. Van Deelen can never meet this legal requirement based on the underlying facts and claims.

4.        Mr. Van Deelen's Response contends that he has suffered a concrete and particularized injury because he purportedly plead facts detailing litigation costs in his adversarial lawsuit against McDermott executives.[7] Yet, the Amended Complaint lacks *any* facts alleging costs incurred by Mr. Van Delen during his prior Bankruptcy Court litigation. The Response also argues that Mr. Van Deelen had suffered mental anguish due to "harsh treatment" in court and from his discovery that the McDermott bankruptcy proceedings were "corrupted by fraud."[8]

5.        In response to Jackson Walker's standing arguments, Mr. Van Deelen repeatedly emphasized that he had suffered an individualized injury because of prior litigation "costs" he had incurred.[9] During oral argument counsel did not (and could not) point to any paragraph in the Amended Complaint that pled such costs. These purported costs arose by pursuing a recusal motion against Judge Jones and litigating objections and claims in the Bankruptcy Court.[10]

---

[4] Dkt. 46 pp. 29–30; Dkt. No. 79 pp. 7–12.

[5] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

[6] Dkt. 46 at p. 54.

[7] Dkt. 70, pp. 13–14.

[8] *Id.*; *see also* Dkt. 10, Amended Compl. ¶ 82.

[9] Dkt. 94, June 6, 2024 Hr'g Tr. pp. 128:23–129:10; 130:10–20; 133:9–19.

[10] Dkt. 94, June 6, 2024 Hr'g Tr. pp. 133:9–19; 133:20–135:14; 146:19–23.

6.      At the June 6, 2024 hearing's conclusion, the Court offered parties to submit additional briefing if necessary to do so.[11] At that time, all parties declined as the Court indicated the Court did not need additional briefing. Soon after, the Supreme Court issued *Alliance*[12] and *Murthy,*[13] both of which overturned Fifth Circuit opinions concluding that plaintiffs in those cases had Article III standing.

7.      *Alliance's* holding considers whether physicians had evidenced injury in fact or causation because the doctors fervently opposed new FDA rules.[14] The decision also weighed whether medical associations had established standing by fervently objecting to the FDA's rules and by incurring costs "to oppose the FDA's actions."[15] The Supreme Court held that neither plaintiff group had Article III standing. When considering the medical association's argument that they had incurred costs to oppose the FDA's regulations, the Supreme Court concluded that the FDA had not "caused" such expenditures.[16] Rather, "an organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action."[17] The costs incurred only constituted a failed attempt to "manufacture" standing.[18]

8.      In *Murthy*, the Supreme Court concluded that plaintiffs had not established a "concrete link" between past governmental action and the anticipated future injury, and thus had no Article III standing.[19] The Supreme Court's decision overturned the Fifth Circuit's analysis, in

---

[11] Dkt. 94, June 6, 2024 Hr'g Tr. pp. 214:23–13.

[12] 602 U.S.– – (2024), 2024 WL 2964140

[13] 603 U.S.– – (2024), 2024 WL 3165801.

[14] *Alliance*, 602 U.S.– – (2024), 2024 WL 2964140, at *9–*12.

[15] *Alliance*, 602 U.S.– – (2024), 2024 WL 2964140, at *13.

[16] *Id*.

[17] *Id*. at *13.

[18] *Id*.

[19] *Murthy*, 603 U.S. – – (2024), 2024 WL 3165801, at *7.

part, because the lower court had "approached standing at a high level of generality."[20] Instead, the Supreme Court concluded that for subject matter jurisdiction to exist, plaintiffs "'must demonstrate standing for each claim that they press' against each defendant, 'and for each form of relief that they seek.'"[21]

9.    *Alliance* and *Murthy* constitute controlling precedent pertinent to the Article III standing questions before this Court. The newly issued decisions were unavailable to the parties prior to oral argument. It is in the interest of justice to grant Jackson Walker's motion and provide Jackson Walker with leave to file its letter briefing.

10.    Trial courts may allow supplemental briefing when a party establishes that it is in the interest of justice to do so.[22] That is the circumstance here. Jackson Walker moved to dismiss the Amended Complaint because of Mr. Van Deelan's lack of Article III standing, which the *Alliance* and *Murthy* decisions address. Mr. Van Deelen contends—despite failing to plead any such facts—that he has suffered injuries in fact because of costs he incurred litigating his bankruptcy matters.[23] In *Alliance*, parties raised similar costs contentions, which the Supreme Court rejected as a basis for Article III standing.[24] *Murthy's* holding addresses the rigor with which standing must be considered for each claim asserted and "every form of relief" sought. *Murthy* bears import as the holding shows that standing cannot be approached "at a high level of

---

[20] *Murthy*, 603 U.S. – – (2024), 2024 WL 3165801, at *8.

[21] *Id*. at *9 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

[22] *Eustice v. Texas A&M Univ.*, No. 4:15-CV-03180, 2019 WL 13030224, at *2 (S.D. Tex. June 6, 2019) (granting motion for leave to file Fed. R. Civ. Proc. Rule 60 Motion).

[23] *See e.g.*, Dkt. 94, June 6, 2024 Hr'g Tr. pp. 129:4–10; 133:9–19.

[24] *Alliance*, 602 U.S.– – (2024), 2024 WL 2964140, at *13.

4

generality."[25] This holding rebuts Mr. Van Deelen's Response and oral argument, which advocated for consideration of standing from a 30,000-feet view.[26]

11.     Jackson Walker respectfully requests that this Court grant Jackson Walker's motion for leave to file the attached letter briefing and provide any other relief this Court deems just.

Respectfully submitted,

*/s/ Russell Hardin, Jr.*

**Russell Hardin, Jr.**
  State Bar No. 08972800
  Federal ID 19424

**RUSTY HARDIN & ASSOCIATES, LLP**
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas  77010
Telephone: (713) 652-9000
Facsimile:  (713) 652-9800
Email: rhardin@rustyhardin.com
**ATTORNEYS FOR DEFENDANT
JACKSON WALKER LLP**

**OF COUNSEL**:

**Leah M. Graham**
  State Bar No. 24073454
  Federal ID 2192848
**Jennifer E. Brevorka**
  State Bar No. 24082727
  Federal ID 1725400
**Emily Smith**
  State Bar No. 24083876
  Federal ID 1890677
**RUSTY HARDIN & ASSOCIATES, LLP**
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas  77010
Telephone: (713) 652-9000
Facsimile:  (713) 652-9800
lgraham@rustyhardin.com
jbrevorka@rustyhardin.com
esmith@rustyhardin.com
**ATTORNEYS FOR DEFENDANT
JACKSON WALKER LLP**

---

[25] *Murthy*, 603 U.S. – – (2024), 2024 WL 3165801, at *9.
[26] *See e.g.*, Dkt. 94, June 6, 2024 Hr'g Tr. pp. 128:6–130:9, 132:19–135:17.

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 2, 2024, I conferred in good faith with counsel for all parties via email, concerning the matters addressed in this Motion. Defendants David R. Jones, Elizabeth Carol Freeman, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP are unopposed to the relief requested in this Motion, and Plaintiff is opposed.

*/s/ Jennifer E. Brevorka*
Jennifer E. Brevorka

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Russell Hardin, Jr.*
Russell Hardin Jr.