## BANDAS LAW FIRM, P.C.
Attorneys at Law

MIKELL A. WEST
Attorney at Law
Email: mwest@bandaslawfirm.com

802 N. Carancahua Street, Suite 1400
Corpus Christi, Texas 78401
(361) 698-5200 Office
(361) 698-5222 Fax

July 16, 2024

*Via ECF Filing:*
The Hon. Alia Moses
Chief Judge
U.S. District Court
Western District of Texas
111 East Broadway
Del Rio, Texas 78840

> Re:   *Michael D. Van Deelen v. David r. Jones, Elizabeth Carol Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP;* Civil Action No. 4:23-cv-3729

Dear Judge Moses:

Plaintiff writes in response to Jackson Walker's supplemental briefing regarding two recent Supreme Court decisions relating to Article III standing. Plaintiff would respectfully show the Court that Jackson Walker's supplemental authorities do not support a finding that Plaintiff lacks standing in the case at bar.

Jackson Walker cites *FDA v. Alliance for Hippocratic Medicine, et al.*, for its holding that standing did not exist because neither injury-in-fact nor causation had been shown. 602 U.S. 367, 144 S.Ct. 1540, (2024). As even Jackson Walker admits, the facts of *Alliance* are distinguishable. In *Alliance,* a group of pro-life medical associations and individual doctors filed suit for an injunction requiring the FDA to rescind regulatory actions that loosening restrictions on the use and distribution of a drug used to terminate pregnancies. *Id.* at 372-378. Because the plaintiffs in *Alliance* neither used the drug nor prescribed the drug, the Supreme Court noted they were not directly impacted by the FDA regulations of the drug's use by others. That is not the case here. Plaintiff was not an uninvolved bystander asserting a moral or ideological objection to Defendants' conduct. Plaintiff was a direct, and active, participant in the McDermott bankruptcy proceedings before Judge Jones and a victim of Defendants' deceptive and conspiratorial acts intended to give them advantages in that proceeding.

Jackson Walker also cites the Supreme Court's statement in *Alliance* that you cannot "manufacturer standing" by spending money to oppose a defendant's action. Again, the distinguishable factual context leading to that quoted statement is important. In *Alliance,* the pro-life medical associations neither used nor prescribed the regulated drug. Although they did expend money to oppose the drug, they were not "forced" to expend that money due to a concrete injury they themselves suffered. In contrast, the Supreme Court found standing to exist in another case where the defendant's discriminatory housing practices impeded the plaintiff organization's low-income housing referral work and required the organization to expend resources to address and counteract

MR. NORMAN TAYLOR
ntaylor@bandaslawfirm.com

ABA CERT. PARALEGAL TO
MR. MIKELL A. WEST &
MR. ROBERT CLORE

the wrongdoing. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-79, 102 S.Ct.1114, 71 L.Ed.2d 214 (1982). This case is more factually akin to *Havens* than *Alliance*. Again, Plaintiff was not an outside entity attempting to spend his way into standing. Plaintiff was a direct and active participant in the McDermott bankruptcy case who was forced to make expenditures to protect his interests and seek relief from the unfairly harsh treatment and deprivations of constitutional rights he suffered -- expenditures that would not have been necessary if Defendants had properly disclosed the Jones-Freeman relationship.

Jackson Walker cites *Murthy v. Missouri et. al.,* for general principles regarding the rigor with which standing is to be considered. 603 U.S. ___, 2024 WL 3165801 (June 26, 2024). These are not new concepts. Indeed, the very language Jackson Walker cites as instructive was available in Supreme Court cases issued well before the briefing and argument in this case. *E.g. TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("standing is not dispensed in gross"); *Davis v. Fed. Election Comn.,* 554 U.S. 724, 734 (2008)("plaintiff must demonstrate standing for each claim he seeks to press"). Moreover, *Murthy* was a "sprawling" lawsuit involving two State plaintiffs, five social media user plaintiffs, "dozens" of defendants and an array of different allegations regarding social media misinformation and content moderation. In that context, the Court rightly focused on the need to untangle which entity had which specific statements restricted by which specific defendant. Those concerns are not implicated in the case at bar which is brought by a single Plaintiff against a small group of Defendants' whose roles in concealing and exploiting the Jones-Freeman relationship are clearly alleged.

Ultimately, Plaintiff has pled direct and concrete injures caused by Defendants. These injuries include Plaintiff's loss of his equity interest, and, importantly, the loss of his right to defend his equity interest in front of an impartial tribunal and with full knowledge of the relationships that existed among the debtor's attorneys and the judge. Defendants' violations of Plaintiff's due process rights are a direct injury. Plaintiff was also subjected to unwarranted slights, inequities and embarrassments that he now understands were intended to get him in line (or paint him as non-credible) because he posed a threat to Defendants' secret schemes. The mental anguish Plaintiff suffered from this treatment is a direct injury. In addition, Plaintiff was forced to futilely expend money to defend his interest and litigate this matter on a playing field that did not realize was stacked against him from the beginning. Most notably, Plaintiff incurred expenses filing, arguing, and appealing, a motion to recuse Judge Jones due to the Jones-Freeman relationship -- which expenses would not have been necessary if the relationship had been properly disclosed by Defendants from the outset. These expenses are direct and concrete damages. Each and all of these damages constitute direct injuries to Plaintiff that were caused by Defendants and as such are sufficient to confer standing on Plaintiff.

Plaintiff respectfully requests that the Court deny the pending dismissal motions.

Sincerely,

/s/ *Mikell A. West*
Mikell A. West &
Robert Clore

ATTORNEYS FOR PLAINTIFF