IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Michael D. Van Deelen, <br><br>          Plaintiff, <br><br> v. <br><br> David R. Jones, Elizabeth Carol Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP, <br><br>          Defendants. | Civil Action File <br> No. 4:23-cv-3729 <br><br><br><br> Jury Trial Demanded |

To the Honorable Alia Moses,
Chief United States District Judge:

### PLAINTIFF'S MOTION TO CORRECT, ALTER, OR AMEND

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff respectfully moves for this Court to correct, alter, or amend a misstatement of fact on page 35 of its August 16, 2024 Memorandum Opinion and Order. *See* Dkt. 101 at 35. Specifically, page 35 of the Court's opinion states, "Just because the Plaintiff and his lawyers have previously violated Rule 11 does not mean they have done so here." Dkt. 101 at 35.

Plaintiff appreciates that the Court put aside his past litigation history, correctly observing that "this time, he was right." *Id.* at 36. However, the statement that Plaintiff's "lawyers have previously violated Rule 11" is objectively false. No court has ever found that Mr. Clore or Mr. West has violated Rule 11. *See* Exhibit 1, Declaration of Robert Clore; Exhibit 2, Declaration of Mikell West. Considering the defendants' collective strategy of bombarding the Court with misleading ad hominem attacks on

1

counsel, the mistaken phrase is understandable. However, this inaccuracy will likely be used by counsel here and elsewhere to paint a false narrative and distract from the merits of litigation. As such, Plaintiff respectfully requests that this misstatement of fact be removed.

Federal Rule of Civil Procedure 59(e) permits the amendment or alteration of a judgment if a motion requesting the same is filed within 28 days after the entry of the judgment at issue. Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The statement that Plaintiff's lawyers "have previously violated Rule 11" is a manifest error of fact. There is no room for debate. No court has ever found Mr. West or Mr. Clore violated Rule 11.

### CONCLUSION

Plaintiff respectfully requests that the Court grant his motion to correct, alter, or amend its Memorandum Opinion and Order (Dkt. 101 at 35) as described herein. Specifically, Plaintiff requests that the Court remove the phrase that Plaintiff's lawyers "have previously violated Rule 11[.]" Dkt. 101 at 35. Plaintiff further requests that the Court grant him all other and further relief to which he is justly entitled.

**Dated September 12, 2024**

Respectfully submitted,

By:   /s/ Mikell A. West
      Mikell A. West
      Texas State Bar No. 24070832
      S.D. Tex. Bar No. 1563058
      Robert W. Clore
      Texas State Bar No. 24012426
      S.D. Tex. Bar No. 2032287
      BANDAS LAW FIRM, P.C.
      802 Carancahua Street, Suite 1400
      Corpus Christi, Texas 78401
      Telephone: (361) 698-5200
      Facsimile: (361) 698-5222
      mwest@bandaslawfirm.com
      rclore@bandaslawfirm.com


      *Attorneys for Plaintiff Michael Van Deelen*


### Certificate of Service

I hereby certify that on the 12th day of September, 2024, a true and correct copy of the foregoing instrument was filed electronically with the CM/ECF system which sends notification of such instrument to all counsels of record.


/s/ Mikell A. West
Mikell A. West