- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Michael D. Van Deelen, | ) |
| | ) Case No. 4:23-cv-3729 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| David R. Jones, Elizabeth Carol Freeman, Jackson Walker, LLP, Kirkland & Ellis, LLP, and Kirkland & Ellis International, LLP, | ) |
| Defendants. | ) |

**DEFENDANTS KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT, ALTER, OR AMEND**

Defendants Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") file this response to Plaintiff's Motion to Correct, Alter, or Amend, ECF No. 102.

Kirkland does not oppose Plaintiff's Motion.[1] Though Plaintiff Michael Van Deelen has been subjected to Rule 11 sanctions on multiple occasions, Kirkland is not aware of any court order finding his counsel, Mikell West or Robert Clore, to have violated Rule 11. Rather, Kirkland's sanctions briefing cited cases condemning the pair's law firm, revoking the pair's pro hac vice admissions based on their track record and "misleading[]" conduct, and rejecting the pair's meritless RICO theory in a similar Fifth Circuit case. *See* ECF No. 41 at 4-5, 7-8, 18-19; ECF No. 77 at 3, 29-30. Kirkland therefore does not oppose amendment of the following sentence in the Court's August 16, 2024 Memorandum Opinion and Order: "Just because the Plaintiff and his lawyers have previously violated Rule 11 does not mean they have done so here." ECF No. 101 ("Order") at 35.

That said, Plaintiff incorrectly characterizes what he calls "the defendants' collective strategy of bombarding the Court with misleading ad hominem attacks on counsel." Mot. at 1-2. There was nothing misleading or ad hominem about Kirkland's sanctions motion. A lawyer's track record is appropriately considered as part of a sanctions motion. *See, e.g.*, *Martin v. Magee*, 504 F. App'x 309, 312 (5th Cir. 2012) (sanctioning lawyer who "demonstrated a continued pattern of filing frivolous, vexatious appeals that waste judicial resources").

With this clarification, Kirkland respectfully requests that the Court amend the relevant sentence in its August 16, 2024 order to read as follows: "Just because the Plaintiff has previously violated Rule 11 does not mean he and his attorneys have done so here."

---

[1] Because Plaintiff did not comply with Local Rule 7.1 and confer with Kirkland prior to filing, Kirkland was not able to inform him of its non-opposition beforehand and thus potentially avoid the need for any additional briefing.

DATED: September 13, 2024                    Respectfully submitted:

*/s/ John C. Hueston*
John C. Hueston

HUESTON HENNIGAN LLP
California Bar No. 164921 (*Pro Hac Vice*)
jhueston@hueston.com
523 West 6th St., Unit 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

*Attorney-in-Charge for Defendants Kirkland & Ellis LLP and Kirkland & Ellis International LLP*

*Of Counsel:*

BECK REDDEN LLP
David J. Beck
Texas Bar No. 00000070
Federal I.D. No. 16605
dbeck@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

GREGORY D. TORRES
ATTORNEY AT LAW, P.L.L.C.
Texas Bar No. 00791802
g_torres_law@hotmail.com
457 Jefferson Street
Eagle Pass, Texas 78852
Telephone: (830) 773-6811
Facsimile: (830) 773-6469

KIRKLAND'S RESPONSE TO PLAINTIFF'S MOTION TO CORRECT, ALTER, OR AMEND
6754397

## CERTIFICATE OF SERVICE

I hereby certify that, on September 13, 2024, a true and correct copy of this document was served on all counsel of record via the Court's CM/ECF system.

By: */s/ John C. Hueston*
John C. Hueston